UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


**JAMES B. TWISDALE,**

    Plaintiff

v.                                           CIVIL ACTION NO. 2:04-0986

**JOHN W. SNOW, Secretary of the
United States, Department of Treasury,**

    Defendant


<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the court on defendant's objections to the proposed findings and recommendation of the United States magistrate judge, filed August 17, 2005.

I.

Plaintiff James Twisdale, a white male, initiated this action on September 10, 2004, and subsequently was granted leave to file an amended complaint, which he did on December 14, 2004. He alleges retaliation by defendant in response to his participation in the investigation of an Equal Employment

Opportunity complaint, which he opposed, that was filed by an African-American female employee, as more fully discussed by the magistrate judge.  (<u>See</u> PFR at 2-7.)  The essence of plaintiff's complaint is that he suffered acts of retaliation by his immediate supervisors, Mary Murphy and James Rogers, both African-American, while employed in Indiana.  Upon transfer to West Virginia, he filed in the year 2000 five grievances addressing those acts, which grievances plaintiff says were not timely addressed or resolved.  On July 25, 2001, plaintiff filed a formal EEO complaint alleging "Retaliation/Reprisal for Involvement in the EEO Process."  (PFR at 5.)  According to the complaint, plaintiff was advised by his then supervisor, Renee Mitchell, also African-American, in her words that "the grievances were on hold while we try to settle the EEO complaint."  (PFR at 16.)

Defendant filed a motion to dismiss or, in the alternative, motion for summary judgment based in part on the asserted failure of plaintiff to exhaust administrative remedies, and in part on plaintiff's failure to state a claim upon which relief can be granted.  The magistrate judge recommended that the court grant defendant's motion to dismiss the retaliation claims stated in paragraphs 19 through 22 of the complaint for lack of

jurisdiction based on plaintiff's exhaustion failure (PFR at 13-14)[1], and grant defendant's motion to dismiss as to plaintiff's hostile environment claim for failure to state a claim upon which relief can be granted (PFR at 24).  Plaintiff has not filed an objection to either recommendation.  The magistrate judge further recommended that the court deny defendant's motion to dismiss plaintiff's retaliation claims that were based on the delay in processing his grievances (PFR at 19).  It is this final

---

[1] Paragraphs 19 through 22 read as follows:

19. Renee Mitchell accepted the Grievance Examiner's report as a means to resolve the Complaint.  However, in doing so, she failed to honor or execute the recommended actions.  This was in violation of IRS Agency Grievance Procedures.

20. Renee Mitchell in the execution of her duties in resolving the Plaintiff's grievances did not promote a climate of confidence and teamwork among employees, specifically the Plaintiff and Grievance Examiner, that assured them a fair and responsive consideration of the Plaintiff's rights and concerns.  This was in violation of IRS Agency Grievance Procedures.

21. Renee Mitchell lowered the Plaintiff's evaluation form (<u>sic</u>, from?) "Exceeds" in FY 2001 to "Met" in FY 2002.

22. Renee Mitchell denied the Plaintiff a performance bonus in FY 2002.

recommendation to which defendant has filed an objection and is before the court for decision.

The parties were advised by the magistrate judge of the appropriate time frame for filing objections to her proposed findings and recommendation, and both parties were granted extensions of time to file until September 7, 2005, by orders dated August 25, 2005, and August 31, 2005.  The defendant filed his objections on September 7, 2005, but, as noted, no objections have been received from plaintiff who has, however, responded to defendant's objections.

## II.

Rule 72(b) of the Federal Rules of Civil Procedure provides in part that, once a magistrate judge has entered a recommendation for the disposition of a matter that is dispositive of a claim of a party,

> [w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any

> portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b) (2002).  Under this rule, the court is to consider de novo any portion of the magistrate judge's recommendation to which specific written objection has been made. See Fed. R. Civ. P. 72(b), Advisory Committee Notes (explaining that the district judge to whom the case is assigned is to make a de novo determination "of those portions of the report, findings, or recommendations to which timely objection is made"; where no timely objection is filed, "the court need only satisfy itself that there is no clear error on the face of the record"); see also Keating v. Secretary of Health and Human Services, 848 F.2d 271, 275 (1st Cir. 1988) (finding that an objection to certain portions of a magistrate's report does not preserve all the objections one may have and, absent objection, the district court may assume that the claimant acquiesced to the remaining portions of the recommendation); see generally Thomas v. Arn, 474 U.S. 140, 149 (1985) ("The filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute.").

## III.

Defendant's objection is made with respect to that portion of the magistrate judge's recommendation that proposes the court find that plaintiff has shown an adverse employment action and thereby made a <u>prima</u> <u>facie</u> case of retaliation under Title VII based on defendant's failure to process his grievances in a timely manner.  (PFR at 18-19.)  The magistrate judge had accordingly recommended that the court deny defendant's motion to dismiss with regard to plaintiff's claim of retaliation based on that ground.  (PFR at 19.)

The defendant's objection is premised on the ground that "the [a]mended [c]omplaint is devoid of any allegations that [p]laintiff suffered adverse effects in the terms, conditions or benefits of his employment as a result of [d]efendant's failure to process his grievances in a timely manner."  (Obj. at 7.)  Defendant asserts that the magistrate judge incorrectly found that the delay in processing plaintiff's grievances constitutes an adverse employment action.  (Obj. at 7.)

42 U.S.C. § 2000e-3(a), the anti-retaliation provision of Title VII, provides:

> It shall be an unlawful employment practice for an employer to discriminate against any one of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

The United States Supreme Court quite recently held that the anti-retaliation provision is not "coterminous" with Title VII's substantive anti-discrimination provision and that it "extends beyond workplace-related or employment-related retaliatory acts and harm." Burlington Northern & Santa Fe Railway Co. v. White, 126 S.Ct. 2405, 2414 (2006). It is not, therefore, necessary to point to an adverse employment action to support a claim for retaliation.[2] To prove actionable retaliation, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Id. at 2415, citations omitted.

---

[2] The decision in White, which settled this point, was not rendered until well after the findings and recommendation of the magistrate judge and after the defendant's objection and the briefing that followed.

Plaintiff asserts substantial and intentional delays in the processing of his five grievances, which delays he argues are the direct result of his having offered information related to another employee's grievance, being that of an African-American, whose EEO complaint he opposed.  Plaintiff contends that he "did not suffer just one 'mere' delay" in the grievance process, but that he suffered several acts (Resp. at 3) cited as follows in his complaint:

> 14. Renee Mitchell caused a delay of 251 days in making the initial response to . . . [p]laintiff's [g]rievances.  Procedures allowed for 15 days.  This was in violation of IRS Agency Grievance Procedures.
>
> 15. Renee Mitchell in making the initial response to . . . [p]laintiff, identified herself as the "Deciding Official" and not the "Appropriate Management Official."  This was in violation of the IRS Grievance Procedures.
>
> 16. Renee Mitchell caused a delay of 306 days when she did not timely respond to the Grievance Examiner's Report.  This was in violation of IRS Agency Grievance Procedures.
>
> 17. Renee Mitchell delayed acting on . . . [p]laintiff's grievances because . . . [p]laintiff had an EEO case pending in [f]ederal [c]ourt.  This was in violation of IRS Agency Grievance Procedures.

8

      18.    Renee Mitchell caused a total delay of 597 days as a result of her failure to follow procedural time frames as outlined in the Handbook for Agency Grievance Procedures.

(PFR at 1-2.)[3]

Plaintiff's contentions would appear to describe actions of delay by his employer that a reasonable person would find "materially adverse". An employer's purposeful allowance of the languishing, over an unusually extended period of time, of an employee's grievance may likely be an exploitation of the exhaustion requirement that effectively renders the employee's administrative remedy unavailable, thereby producing significant injury or harm.

IV.

It is ORDERED that the findings made in the Proposed Findings and Recommendation of the magistrate judge be, and the

---

[3] Plaintiff also says that defendant's action in the lowering of his evaluation resulted in the denial of a performance bonus. (Resp. at 4.) However, the allegations related to plaintiff's evaluation and performance bonus were determined by the magistrate judge to be unexhausted claims over which the court lacked jurisdiction (PFR at 13), a finding to which plaintiff did not object. Those allegations, then, are not considered here.

same hereby are, adopted by the court, except to the extent that the magistrate judge found it necessary that plaintiff describe an adverse employment action.  It is further ORDERED that defendant's motion to dismiss or, in the alternative, motion for summary judgment be treated as a motion to dismiss and that defendant's motion to dismiss be, and it hereby is, denied insofar as it relates to plaintiff's cause of action for defendant's retaliatory failure to process his grievances timely, and the motion to dismiss is otherwise granted as recommended by the magistrate judge without objection.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record, the _pro se_ plaintiff, and the United States magistrate judge.

      DATED: August 2, 2006

      _____
      John T. Copenhaver, Jr.
      United States District Judge